STEVENSON, J.
 

 The trial court granted final summary judgment in favor of Oak Park Terrace, Inc. (“Oak Park”), finding that A-l Quality Corp. (“A-l”) was a contractor that undis-putedly did not have a license and thus could not enforce its contract with Oak Park. We reverse as a genuine issue of material fact remains regarding whether the parties’ contract contemplated that A-1 would perform services requiring a contractor’s license.
 

 Oak Park moved for summary judgment, arguing that pursuant to section 489.128, Florida Statutes (2007), entitled “Contracts entered into by unlicensed contractors unenforceable,” A-l could not enforce its contract with Oak Park because A-l was an unlicensed contractor.
 
 See
 
 § 489.105(3), Fla. Stat. (2007) (“ ‘Contractor’ means ... the person who, for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for oth-
 
 *167
 
 ers_”). A-l responded that the parties’ contract contemplated that A-l would perform only services that did not require a contractor’s license, thereby exempting A-l from the licensing requirement.
 
 See
 
 § 489.128(l)(a), Fla. Stat. (2007) (“For purposes of this section, if no state or local license is required for the scope of work to be performed under the contract, the individual performing that work shall not be considered unlicensed.”). We find the instant contract ambiguous as to whether A-1 would provide services requiring a license. Thus, we reverse the summary judgment and remand for further proceedings.
 
 [1]
 

 Reversed and remanded.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . The trial court also granted summary judgment in favor of Oak Park on A-l's conversion count. A-l did not contest this on appeal, and we do not herein disturb that ruling.